# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 5, 2010 Session

## ALBERT J. HALE, v. JAMES NEELEY, COMMISSIONER, et al.

**Appeal from the Chancery Court for Hawkins County**
**No. 17150      Hon. Thomas R. Frierson, II., Chancellor**

---

**No. E2010-00475-COA-R3-CV - FILED NOVEMBER 19, 2010**

---

Claimant, an employee of Wal-Mart, was charged with possession of cocaine and pled guilty to a misdemeanor possession, and was then discharged for violating company policy. Claimant was not at work nor on Wal-Mart's property when the offense occurred. The agency found that claimant was discharged under disqualifying conditions and denied unemployment benefits. Throughout the appeals process, denial of benefits was upheld. On appeal to this Court, we hold that claimant violated Wal-Mart's policies by failing to report his conviction under a criminal drug statute to his employer within three days as required under the employer's policy. We affirm the denial of unemployment benefits to claimant.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Eric D. Miller, Johnson City, Tennessee, for the appellant, Albert J. Hale.

John M. Russell and Lauren A. Wong, Memphis, Tennessee, for the appellee, Wal-Mart Associates, Inc.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Lindsey O. Appiah, Assistant Attorney General, Nashville, Tennessee, for the appellee, James Neeley, Commissioner, Tennessee Department of Labor and Workforce Development.

## OPINION

Petitioner, Hale, filed a Petition for Judicial Review, stating that he was employed by

respondent Wal-Mart from October 27, 2004, until October 12, 2008, when he was discharged. Also named was respondent James Neeley, Commissioner of the Tennessee Department of Labor and Workforce Development.

Hale averred he was seeking judicial review of the decision that denied him unemployment benefits, pursuant to Tenn. Code Ann. §50-7-304.

Hale averred that on September 23, 2008, he was arraigned for possession of cocaine, and stated that he notified his manager of the arraignment and was suspended pending trial. He stated that on October 6, 2008, he pled guilty to misdemeanor possession, and on October 12, 2008, he was discharged for violating company policy. Further, that when he was arrested for possession, he was not at work nor on Wal-Mart's property, but rather was on vacation. He further stated that on October 22, 2008, he applied for unemployment, and on November 20, 2008, the agency found that he was discharged under disqualifying conditions, and denied unemployment benefits.

On appeal to the Board of Review, the Board affirmed the decision of the appeals tribunal.

Wal-Mart filed a Response, arguing that the decision was correct and supported by the evidence. In Neeley's Response, several documents were filed, including a Claimant Separation Questionnaire, which states that Hale was discharged for possession of a controlled substance, but that he did not possess it on the job or on the employer's premises, and did not report to work after consuming it. The Questionnaire states that Hale was arrested for possession in September 2008 when he was in the car with someone else and the substance was found in the car. The Questionnaire states that Hale was aware of his employer's rules regarding this behavior.

The record also contains Wal-Mart's response to a request for information from the Department, which states that Hale was discharged for possession of drugs and violation of company policy. Hale's separation notice states that he was discharged for gross misconduct. There is a document from the court, showing Hale's guilty plea. There is also a copy of the Wal-Mart Alcohol and Drug Abuse Policy, which states that conviction under any criminal drug statute, or the failure to notify management of conviction under a criminal drug statute within three days, will result in termination of employment. Hale signed a document when he was hired which acknowledged his receipt of the above policy statement. Wal-Mart also

provided a copy of another policy dealing with associates who are arrested, and it also states that conviction under a criminal drug statute or the failure to report the same in three days will result in termination.

The record contains a telephonic statement taken from Hale, who stated that he was not aware that he had to report his arrest or conviction within three days, even though he did report the arrest within three days. Hale reported that his conviction occurred on October 6, 2008, but he did not report it to his employer until October 16, because he "wasn't sure what papers they needed". He did not specifically remember signing the drug policy, but admitted that he signed a lot of papers when he was hired. The agency decision denied benefits to Hale because he was aware of the company's policies and violated the same.

At the hearing before the appeals tribunal, Hale's former manager testified that he told her of his arrest, and that she suspended him pending trial, and then he was fired after he was convicted based on the company policy. She testified that he was made aware of company policy at the time he was hired, during his orientation, and also during computer based learning courses that he took throughout his employment. Hale testified that he was arrested while on vacation. He stated that he was riding in a car with a friend, they were pulled over, and cocaine was found in the floorboard of the car. He testified that he pled guilty to the misdemeanor charge because he thought that might help him keep his job. Hale admitted, however, that he was aware of Wal-Mart's policy that he could be terminated for pleading guilty to a criminal drug offense.

The appeals tribunal affirmed the agency decision, stating that Hale was guilty of work-related misconduct, which was an intentional act or violation of policy that materially breached the standard of behavior that the employer had a right to expect. The appeals tribunal found that the evidence showed that the claimant was discharged for violation of company policy, and that he was thus not entitled to benefits. At the next appeal level to the Board of Review, the Board of Review adopted the findings, conclusions, and determination of the appeals tribunal.

The Trial Court affirmed those decisions, finding that Hale engaged in work-related misconduct. The Court found that the Board of Review correctly applied the law to the facts, and that its findings and conclusions were not contrary to applicable law.

On appeal, Hale has raised this issue:

-3-

**1.** Whether the claimant's drug activities that occurred when he was off duty should be considered misconduct connected with work under Tenn. Code Ann. §50-7-303(a)(2)?

On this appeal, we are required to review the decision utilizing the same standard of review as that applied by the Trial Court, which is set forth in Tennessee Code Annotated section 50-7-304(i):

(2)   The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(A) In violation of constitutional or statutory provisions;

(B) In excess of the statutory authority of the agency;

(C) Made upon unlawful procedure;

(D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(E) Unsupported by evidence that is both substantial and material in the light of the entire record.

(3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact.

*Dura Automotive Systems, Inc. v. Neeley*, 2010 WL 204090 (Tenn. Ct. App. Jan. 21, 2010).

Hale argues that it was error for him to be found guilty of work-related misconduct so as to deny him unemployment benefits, since the drug possession arrest was made while he was on vacation and not on Wal-Mart's premises, and had no connection whatsoever to his work. Tenn.Code Ann. § 50-7-303(a)(2)(A) provides that a claimant shall be disqualified for unemployment benefits if it is determined that he was discharged for misconduct connected with his work. Misconduct connected with a claimant's work was not defined in the statute at the relevant time, but the Supreme Court has defined it as including a breach of a duty owed to the employer, as distinguished from society in general. *Weaver v. Wallace*,565 S.W.2d 867, 870 (Tenn. 1978).

Unless the employee's wrongdoing violates a duty owed to the employer, it cannot amount to that misconduct connected with his work which serves to disqualify him to receive unemployment insurance benefits, although it may fully justify the employer in discharging him. *Id.* The Supreme Court also explained:

> Depending on the specific provisions of the statute, in order to disqualify an employee for unemployment benefits his misconduct must be in the course of his most recent work, connected with his work, or connected with the employment. Under such provisions, it is not necessary that the act of misconduct occur during the working hours or at the place of employment, so long as it is connected with the employment, and the fact that misconduct relates to the private life or off-duty activities of the employee does not necessarily preclude its having a connection with the employment requisite to bar the right to compensation. Ordinarily, however, an employee's conduct off the working premises or outside the course or scope of his employment is not considered as misconduct in connection with employment.

Weaver, at 870.

Reviewing the relevant cases on this issue, it is clear that an employee's off-duty drug use (or even an off-duty arrest for drug possession) is not necessarily a breach of duty to the employer, even if the employer has a policy prohibiting the use of drugs on or off-duty. Hale relies on the facts of the *Weaver* case, wherein the employee was charged with possession of drugs while at home, and the court found that this was not misconduct connected with his work. *Id.* In that case, however, there was no implication of an anti-drug policy of the employer. *Id.*

Hale also relies on *Jackson v. Hayes*, 1993 WL 248046 (Tenn. Ct. App. July 8, 1993), wherein the employee was off-duty when charged with possession of cocaine, and then

discharged pursuant to the employer's anti-drug policy when the employee's supervisor read about his indictment in the paper (approximately one year after his arrest). The court found that there was no evidence of misconduct connected with the employee's work because the employee had worked for the ensuing year with no problems and no indicia or drug use, and the violation of the duty was to society in general and not to the employer specifically.[1]

Hale further relies on the case of *Dura Automotive Systems, Inc. v. Neeley*, 2010 WL 204090 (Tenn. Ct. App. Jan. 21, 2010). In *Dura*, the employee was discharged after he was asked to take a random drug test by his employer, admitted to his supervisor after taking the test that he had used marijuana off-duty in the prior week, and was fired for same pursuant to the employer's anti-drug policy. (The drug test results came back negative). The court found that there was no misconduct connected with the claimant's work, because "*Dura* did not demonstrate that Mr. Flores' actions had any adverse effect on his work, and Mr. Flores passed the drug test required by *Dura*. As in *Jackson*, we conclude that the duty relied upon by *Dura* was owed to society in general." *Id*.

These cases illustrate, a charge or conviction of drug use/possession while off-duty is not always considered a breach of a duty to the employer which would disqualify the claimant from benefits, even where the employer has an anti-drug policy. Were that Mr. Hale's only issue, this case could possibly have been decided differently below, as Mr. Hale would have been guilty of violating a duty owed to society in general. However, that is not the only issue, because he failed to notify Wal-Mart of his conviction within the three day window provided by its policy. It is undisputed that Mr. Hale was convicted on October 6, but did not notify his manager until October 16. Thus, Hale also violated the duty he owed to Wal-Mart by failing to timely notify Wal-Mart of his conviction.

The case law demonstrates that an employee who violates a known company policy, or fails to follow any legal/reasonable employer directive, is considered guilty of work-related misconduct. For example, we have found that an employee who knowingly failed to follow her manager's directive to tuck her shirt in and comply with the company dress code and was fired, was not entitled to benefits because she was guilty of work-related misconduct. *Hallowell v. Vestco, Inc.*, 2005 WL 1046795 (Tenn. Ct. App. May 4, 2005).

---

[1]Hale also relies upon *City of Morristown v. Long,* 2005 WL 735028 (Tenn. Ct. App. Mar 31, 2005), but his reliance on that case is misplaced because in it, the Board of Review found that there was not sufficient evidence that the employee engaged in drug use at work, as alleged, and thus granted benefits, finding no work-related misconduct. The trial court reversed, and this Court reversed the trial court, finding that it had exceeded its scope of review.

Other examples of employees disqualified from receiving unemployment benefits for work-related misconduct include a Federal Express employee who knowingly violated the employer's policy about scanning packages at the time of pick up; an employee who was asked by the employer to stop asking female co-workers out in violation of company policy but failed to do so; an employee who was dishonest with management when questioned about an improper voice mail left for his supervisor, and an employee who repeatedly failed to call in sick even though she had a valid excuse. *Ridley v. Neeley*, 2010 WL 4272711 (Tenn. Ct. App. Oct. 28, 2010); *Ruff v. Neeley*, 2006 WL 3734641 (Tenn. Ct. App. Dec. 20, 2006); *Schwartz v. Neeley,* 2008 WL 539223 (Tenn. Ct. App. Feb. 28, 2008); *Stanford v. Commissioner*, 2005 WL 1833734 (Tenn. Ct. App. Aug. 2, 2005).

In this case, Hale violated Wal-Mart's drug policy by being charged and convicted of possession of cocaine, and we reiterate this off-duty behavior does not always amount to work-related misconduct, even if the employer has a drug policy. However, as the tribunal and the court below found, Hale violated Wal-Mart's policies by failing to report his conviction under a criminal drug statute to his employer within the requisite three day window. It is undisputed that Hale violated this policy, and it is also undisputed that he knew about it, as his signature on the written acknowledgment shows. This was a violation of a duty that Hale owed to his employer as opposed to society in general, and thus constituted work-related misconduct, disqualifying him from unemployment benefits.

We hold the Trial Court and the other tribunals below correctly applied the relevant law to the facts, and there is material evidence in the record to support Hale's disqualification. Thus, his appeal is without merit.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Albert J. Hale.

_____
HERSCHEL PICKENS FRANKS, P.J.